IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**SHASTA WINN,**

                Plaintiffs,

       v.

**HIGHTER EDUCATION
COORDINATION COMMISSION** *HECC,
a state agency*, **RAMONA RODAMAKER,**
*Deputy Executive Director, HECC*,
**VERONICA DUJON**, *Office of Academic
Policy and Authorization Director, HECC*,
**SEAN BRADY**, *Assistant Attorney General,
DOJ consult for the HECC*, **OREGON
HEALTH AUTHORITY** *(OHA), a state
agency*, **TINA KOTEK** *Governor of
Oregon*, **SAM CHAPMAN**, *lobbyist,
Healing Advocacy Fund*, **TOM ECKERT,**
*stakeholder, OPAB board chair AND
AFFILIATED PARTIES*,

                Defendants.

_____

**Civ. No. 6:24-cv-00004-MC**

**ORDER**

**MCSHANE, Judge**:

     *Pro se* plaintiff Shasta Winn seeks leave to proceed *in forma pauperis* (IFP). The Court,

pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any

case that is frivolous or malicious, or fails to state a claim on which relief may be granted. For

1 – ORDER

the following reasons, Plaintiff's motion for IFP is denied, all other pending motions are denied as moot, and the case is remanded to the Oregon Court of Appeals pursuant to 28 U.S.C. § 1447(c).

Plaintiff Shanta Winn, who is the sole owner of Myca-Method, sought judicial review in the Oregon Court of Appeals (Case No. 10417118) from Oregon Court of Appeals) against decisions made by Defendants, who were part of, or associated with, the Higher Education Coordinating Commission (HECC). Plaintiff then sought to remove this case to the United States District Court based on federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff's claims pertain to her private career school (PCS) licensing application before the HECC and a request for religious exemption from PCS licensure. Plaintiff claims constitutional violations involving denial of due process, equal protections, and religious freedoms, refusal of magisterial, non-discretionary duty, and anticompetitive actions in the PCS application process.

Plaintiff's removal to federal court is improper. Under federal law, one of the requirements of removal is that the defendant is the movant, not the plaintiff. 28 U.S.C. § 1446(a). Here, Plaintiff, not a defendant, seeks to remove the case. Because the court does not have proper jurisdiction, the notice of removal is therefore remanded back to the Oregon Court of Appeals pursuant to 28 U.S.C. § 1447(c).

Plaintiff's complaint also fails numerous other grounds. First, Plaintiff's claims pertain to a business entity, Myca-Method. A litigant appearing pro se who is not licensed as an attorney cannot represent a business entity in federal court. *Rowland v. California Men's Colony*, 506 U.S. 194, 195 (1993) (stating that the law "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney" (citing cases)).

2 – ORDER

Here, Myca-Method is the business entity claiming harm, and it is not represented by a licensed attorney. On this basis, the complaint cannot proceed.

Additionally, to the extent Plaintiff's complaint is an attempt at an end run around state court proceedings, the claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions. *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

Further, at this stage, it appears Younger Abstention applies. "Younger abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceeding. Younger abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions." *Id.* (citations omitted). All three factors appear to be met here and therefore, at this stage, Plaintiff fails to establish any likelihood of success on the merits of his claims.

For the foregoing reasons, Plaintiff's motion for IFP is denied, all other pending motions are denied as moot, and the case is remanded to the Oregon Court of Appeals pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

DATED this 23rd day of February, 2024.


_____/s/ Michael McShane_____
Michael McShane
United States District Judge


3 – ORDER

4 – ORDER